**John C. MURSKI, Plaintiff-Appellant,**

v.

**SPORTSMAN CYCLES, INC., et al., Defendants,**

and

**Donald D. Baldwin, Defendant-Respondent.**

**No. KCD 29156.**

Missouri Court of Appeals, Kansas City District.

Oct. 31, 1977.

Floyd L. Sperry, Jr., M. Sperry Hickman, Inc., Independence, for plaintiff-appellant.

Charles A. Erickson, Kansas City, for defendant-respondent.

Before SHANGLER, P. J., and WELBORN and HIGGINS, Special Judges.

ROBERT R. WELBORN, Special Judge.

Action by purchaser of motorcycle against sellers who failed to deliver proper title to vehicle. Jury found for plaintiff and awarded $235 actual damages and $5,000 punitive damages against defendant Donald D. Baldwin. Trial court subsequently sustained defendant's motion for judgment notwithstanding the verdict insofar as punitive damages were concerned. Alternatively court awarded new trial on issue of punitive damages only on ground that verdict was against the weight of the evidence. Plaintiff appeals.

John Murski purchased a used 1971 Penton motorcycle from Sportsman Cycles, Inc. Murski dealt with Donald D. Baldwin and gave Baldwin his check for $235 in payment for the machine. The cycle was delivered to Murski, along with papers necessary for him to obtain a title to the machine from the Missouri Division of Motor Vehicles. Murski took the papers to an officer of the division and received a license for the vehicle. The application for title and supporting documents were sent to the Jefferson City office.

Sometime later, Murski was notified by the state that the title application was defective because of a difference between the numbers on the former title, issued in Kansas, and the application. Murski contacted Baldwin about the problem and Baldwin promised to straighten out the matter. Murski said that he talked to Baldwin eight or ten times about the situation but received nothing from Baldwin. Murski demanded that he either be given a good title or his money be refunded. He offered to return the vehicle, but when the purchase price was not refunded, he brought this suit.

According to Baldwin, he became aware of the discrepancy in the vehicle numbers after the sale to Murski. Testimony in behalf of the defendant was that the problem arose because the title had been the result of the cannibalization of various parts of two similar motorcycles. Baldwin said that he got in touch with the former owner and asked her to provide him with the affidavits required by the State of Missouri for issuance of a new title. Baldwin said that he offered Murski the refund of his money but Murski failed to show up at a pre-arranged time to make the deal. Baldwin admitted that it took some time to obtain the necessary papers. His explanation involved an illness of the husband of the prior owner. According to Baldwin, when Murski threatened to turn the matter over to an attorney, he prodded the former owner and had the necessary papers ready for Murski, but Murski did not come to get them. Baldwin said that the papers were destroyed in a fire at the shop in May, 1975, some 15 months after the sale.

The case was submitted against the individual defendant Donald Baldwin only and resulted in a verdict for plaintiff for $235 actual and $5,000 punitive damages, with the post trial proceeding as above noted.

In this court, Murski contends that the trial court erred in sustaining respondent's motion for judgment notwithstanding the verdict because plaintiff's evidence showed that respondent failed and refused to provide a proper title from February, 1974 to the date of trial on September 28, 1976, and this evidence constituted "a failure intentionally done without just cause and excuse" and supported the claim for punitive damages. In passing upon this contention, this court considers only the evidence favorable to the verdict and disregards the defendant's evidence, except insofar as it aids plaintiff. *Ogden v. Toth*, 542 S.W.2d 17, 19[1, 2] (Mo.App.1976).

To support an award for punitive damages, plaintiff must show that the defendant intentionally committed a wrongful act without just cause or excuse. "The defendant must know the act was wrongful when he did it." *Price v. Ford Motor Credit Company*, 530 S.W.2d 249, 253[2–4] (Mo. App.1975). Appellant here points to testimony of Baldwin that he knew that failure to provide a proper title at the time of sale

was a violation of § 301.210(4), RSMo 1969, subjecting him to criminal action. Appellant then points to his testimony that the title papers furnished him were defective and that respondent failed to remedy the matter although appellant asked him to do so repeatedly over a period of some eight months.

The difficulty with appellant's position is that, if he is to sustain his burden with respect to punitive damages, he was required to show that respondent knew at the time of the transfer the title documents furnished the purchaser were insufficient. Appellant has not done so here. In his brief he states that respondent failed to correct the situation "when it was called to his attention." He makes no claim that respondent had notice of the problem before appellant called it to his attention. Evidence that respondent was aware of the requirements of law for the transfer of title to the vehicle is not sufficient to show that the respondent here knew at the time of the transaction that the documents which he provided were insufficient to meet legal requirements.

The cases of *Ferm v. Miller Pontiac Company*, 407 S.W.2d 55 (Mo.App.1966), and *Owens v. Automobile Recovery Bureau, Inc.*, 544 S.W.2d 26 (Mo.App.1976), relied upon by appellant, are distinguishable. In *Ferm*, a sale of a motor vehicle without providing title to the purchaser was involved. However, there the seller was shown to have had no title and to have known of such fact, making the act wrongful at the time of the sale. No such proof was made here. Owens involved the conversion of a vehicle by a financing bank which had refused to permit a debtor to recover his vehicle unless the debtor paid an unwarranted levy.

This case is more akin to that of *Warner v. Southwestern Bell Telephone Company*, 428 S.W.2d 596 (Mo.1968). In that case the operator of a business in Archie, Missouri purchased an advertisement to be placed in the telephone directory, but the ad as produced erroneously listed his business under the numbers for Adrian, Missouri, rather than Archie. Plaintiff made repeated unsuccessful attempts to correct the error, which was repeated the following year. In setting aside a verdict for punitive damages, the court held that the conduct of the defendant, although perhaps exaggerated negligence, did not meet the standard of misconduct which would support an award of punitive damages. Here, plaintiff showed only a failure to correct the defective title after the matter had been called to the respondent's attention. Such a showing alone will not support an award of punitive damages and the trial court properly sustained respondent's motion for judgment notwithstanding the verdict.

Having reached this conclusion, the propriety of the alternative order for new trial need not be considered.

Judgment affirmed.

All concur.